**Andrew Wilson**, OSB # 125006
law.wilson12@gmail.com
**Lee Ferguson P.C.**
1204 W. Main St., Medford, OR 97501
541-772-6462; Fax: 1-541-306-4516

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| SHIRLANN CALABRO,<br><br>Plaintiff,<br><br>vs.<br><br>GSL PROPERTIES, INC. dba VALLEY PINES APARTMENTS,<br><br>Defendant. | Case No.: 1:14-cv-01039-CL<br><br>COMPLAINT<br><br>Discriminatory Housing Practice Under FHAA, Unlawful Discrimination Under ORS 659A, Negligence, Negligent Infliction of Emotional Distress<br><br>Total Claim: $410,000<br><br>DEMAND FOR JURY TRIAL |

COMES NOW plaint and alleges as follows:

1.

At all time herein, Plaintiff Shirlann Calabro was an individual residing in Jackson County, Oregon.

2.

Defendant, GSL Properties, Inc. doing business as Valley Pines Apartments is a business located at 645 Royal Ave, Medford, OR in Jackson County Oregon.

3.

Plaintiff moved into Valley Pines Apartments on July 22, 2010. Upon move in,

PAGE 1 - COMPLAINT

defendant was informed that plaintiff suffers from significant heart, lung, back, and breathing problems and required oxygen treatments at night. The managing staff for defendant put plaintiff into a third floor apartment claiming that no first floor apartments were available. Plaintiff accepted the third floor apartment because she was told that she would be moved to the first floor when a unit became available. There are no elevators, ramps, or other handicap aides available for this third floor apartment.

4.

Plaintiff suffers from end stage COPD, asthma, Kyphoscoliosis of the spine, and cervical spine degeneration. As a result plaintiff has significant difficulty breathing, requires oxygen treatment, has trouble sleeping, and is substantially limited in her major life activities.

5.

Every time plaintiff enters or exits her apartment she has to climb two flights of stairs. This causes her extreme pain and on several occasions has caused her to pass out. She often has to stop on the second floor to catch her breath before she is able to climb the second flight of stairs to her apartment. Even then it usually takes her ten (10) minutes of breathing on an oxygen tank before she is able to breath normally again.

6.

At the time she moved in, plaintiff requested that she be allowed to move to a first floor apartment when one opened up to accommodate her disability. She has requested a first floor apartment on many occasions since she moved in both orally and in writing. She has also had her doctor write a letter informing defendant that her medical condition necessitates a first floor apartment accommodation.

7.

PAGE 2 - COMPLAINT

Since 2010, many first floor apartments have become available but defendant has never offered one to plaintiff.

## FIRST CLAIM FOR RELIEF
### (Discriminatory Housing Practice Under FHAA)

8.

Plaintiff incorporates and restates paragraphs 1 through 7 above as if fully set forth herein.

9.

Plaintiff's condition substantially limits one or more major life activities and constitutes a handicap under 42 USC §3602. Defendant, having a record of such handicap, being notified of the need for a reasonable accommodation to provide plaintiff an equal opportunity to use and enjoy the housing, and/or Plaintiff having been regarded as having such handicap, accordingly, violates the Fair Housing Act, as amended, 42 U.S.C. §3604, et. seq., entitling Plaintiff to seek relief under 42 U.S.C. §3613, et. seq., Title VIII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §1981(A)(2).

10.

As a result of defendant's violation, plaintiff has suffered economic damages in the form of medical treatment and future housing costs associated with moving to a new facility, in the amount of $10,000 plus interest, which may be amended at a later date.

11.

As a result of defendant's violation, plaintiff has suffered and will continue to suffer pain and emotional distress resulting in compensatory damages in the amount of $200,000, which may be amended at a later date.

12.

LEE FERGUSON, P.C.
1204 W. Main St, Medford, OR 97501
(541) 772-6462 / Fax: 1-541-306-4516
Email: law.wilson12@gmail.com

Defendant engaged in the above-described discriminatory conduct with malice or with reckless indifference to plaintiff's federally protected rights. Accordingly, plaintiff is entitled to an award of punitive damages against defendant in the amount of $200,000, subject to the statutory allowable maximum.

13.

Pursuant to 42 U.S.C. §3613, plaintiff seeks a permanent injunction, ordering defendant to offer the next available first floor housing unit that comes available to plaintiff or other such affirmative actions as may be appropriate.

14.

Plaintiff is also entitled to her reasonable attorney fees and costs pursuant to 42 U.S.C. §3613.

### SECOND CLAIM FOR RELIEF
(Unlawful Discrimination Under ORS 659A)

15.

Plaintiff incorporates and restates paragraphs 1 through 7 above as if fully set forth herein.

16.

Plaintiff's condition substantially limits one or more major life activities and constitutes a disability under ORS 659A.104. Defendant, having a record of such disability, being notified of the need for a reasonable accommodation to provide plaintiff an equal opportunity to use and enjoy the dwelling, and/or Plaintiff having been regarded as having such disability, accordingly, violates ORS 659A.145 entitling Plaintiff to seek relief under ORS 659A.885.

17.

PAGE 4 - COMPLAINT

LEE FERGUSON, P.C.
1204 W. Main St, Medford, OR 97501
(541) 772-6462 / Fax: 1-541-306-4516
Email: law.wilson12@gmail.com

As a result of defendant's violation, plaintiff has suffered economic damages in the form of medical treatment and future housing costs associated with moving to a new facility, in the amount of $10,000 plus interest, which may be amended at a later date.

18.

As a result of defendant's unlawful practices, plaintiff has suffered and will continue to suffer pain and emotional distress resulting in compensatory damages in the amount of $200,000, which may be amended at a later date.

19.

Defendant engaged in the above-described unlawful conduct with malice or with reckless indifference to plaintiff's federally protected rights. Accordingly, plaintiff is entitled to an award of punitive damages against defendant in the amount of $200,000, subject to the statutory allowable maximum.

20.

Pursuant to ORS 659A.885, plaintiff seeks a permanent injunction, ordering defendant to offer the next available first floor housing unit that comes available to plaintiff or other such equitable relief as may be appropriate.

21.

Plaintiff is also entitled to her reasonable attorney fees, costs, and prevailing party fees under ORS 659A.885.

### THIRD CLAIM FOR RELIEF
(Negligence)

22.

Plaintiff incorporates and restates paragraphs 1 through 7 above as if fully set forth herein.

PAGE 5 - COMPLAINT

23.

Defendant was negligent in their treatment of plaintiff in one or more of the following ways:

    a)    Failing to adequately provide reasonable accommodations to a disabled tenant;

    b)    Failing to maintain adequate records that a tenant had requested a reasonable accommodation;

    c)    Failing to provide assistance to a disabled tenant sufficient to prevent unnecessary pain and suffering.

24.

As a result of defendant's violation, plaintiff has suffered economic damages in the form of medical treatment and future housing costs associated with moving to a new facility, in the amount of $10,000 plus interest, which may be amended at a later date.

25.

As a result of defendant's negligence, plaintiff has suffered and will continue to suffer pain, discomfort, and the inability to engage in and enjoy her normal activities, to her non-economic damage of $200,000, which may be amended at a later date.

**FOURTH CLAIM FOR RELIEF**
**(Negligent Infliction of Emotional Distress)**

26.

Plaintiff incorporates and restates paragraphs 1 through 7 above as if fully set forth herein.

27.

Defendant negligently inflicted emotional distress on plaintiff in one or more of the following ways:

PAGE 6 - COMPLAINT

a) Failing to adequately provide reasonable accommodations to a disabled tenant in accordance with plaintiff's legally protected interests;

b) Failing to maintain adequate records that a tenant had requested a reasonable accommodation which conflicted with plaintiff's legally protected interests;

c) Failing to provide assistance to a disabled tenant sufficient to prevent unnecessary pain and suffering which conflicted with plaintiff's legally protected interests.

28.

As a result of defendant's negligence, plaintiff has suffered and will continue to suffer pain, discomfort, and the inability to engage in and enjoy her normal activities, to her non-economic damage of $200,000, which may be amended at a later date.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. A judgment in favor of plaintiff and against defendant for economic damages in the amount of $10,000;

2. A judgment in favor of plaintiff and against defendant for non-economic damages in the amount of $200,000;

3. A judgment in favor of plaintiff and against defendant for $200,000 in punitive damages;

4. A permanent injunction ordering defendant to offer the next available first floor housing unit that comes available to plaintiff or other such equitable relief as may be appropriate;

5. For Plaintiff's reasonable attorney fees, prevailing party fees, and costs and disbursements incurred herein.

PAGE 7 - COMPLAINT

6. Any and all further equitable and monetary relief that this Court deems just and proper.

Dated: June 27, 2014

*[signature]*

Andrew Wilson, OSB #125006
Attorney for Plaintiff

PAGE 8 - COMPLAINT